# EXHIBIT

# "A"

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Stepehn Lewis                                    :
19 Cherry Street                                 :
Willow Grove, PA  19090                          :
v.                                               :
                          Plaintiff              :        2011-25446
                                                 :
CACH, LLC                                        :
4340 South Monaco Street                         :
2nd Floor                                        :
Denver, CO  80237                                :
and                                              :
John Does 1-10                                   :
and                                              :        Jury Trial Demanded
XYZ Corporations                                 :
                          Defendant(s)           :

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
Norristown, PA 19401
(610) 279-9660, Extension 201

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Stepehn Lewis                              :
19 Cherry Street                           :
Willow Grove, PA  19090                    :
v.                                         :
                        Plaintiff          :
CACH, LLC                                  :
4340 South Monaco Street                   :        2011-25446
2nd Floor                                  :
Denver, CO  80237                          :
and                                        :
John Does 1-10                             :
and                                        :        Jury Trial Demanded
XYZ Corporations                           :
                        Defendant(s)       :

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").  The aforementioned statute prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction and Venue is proper in this jurisdiction because a substantial portion of the acts, omissions, transactions or occurrences took place in this jurisdiction.

3. Jurisdiction and venue is proper in this jurisdiction because the Defendant(s) transact business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff is Stephen Lewis, an adult individual residing at 19 Cherry Street, Willow Grove, PA 19090.

5. Defendants are the following.

   a. CACH, LLC., a business entity with an address including but not limited to 4340 South Monaco Street, 2nd Floor, Denver, CO  80237.

   b. John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery.  It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

**COUNT ONE: Violation of Fair Debt Collection Practices Act (15 USC 1692 g et. seq.)**

**Overshadowing**

6. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

7. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

8. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer debt against Plaintiff.

9. Within the applicable statute of limitations, in the Year of our Lord, 2011, Defendant sent Plaintiff a collection letter for an alleged consumer debt.  See Exhibits, letter from Defendant to Plaintiff.

10. Said collection letter was the first communication as defined by 15 USC 1692 g.

11. Said collection letter did not contain the proper verbiage required by 15 USC 1692 g et. seq.

12. Within 5 days of the date that the attaché Exhibit A was mailed to Plaintiff by Defendant, Defendant never followed up with the written communication required under 15 USC 1692 g et. seq.

13. By engaging in the above described conduct, Defendant neglected its obligations under 15 USC 1692g.

14. By engaging in the above described conduct, Defendant violated 15 USC 1692g.

15. Defendant(s) above described conduct had the effect of confusing misleading and intimidating the Plaintiff.

## COUNT TWO:  Violation of the Fair Credit Reporting Act, 15 USC 1681 s-2
### *"Johnson Violation"*

16. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

17. At all times mentioned herein Plaintiff was a consumer as defined by the FCRA.

18. At all times mentioned herein Defendant was a furnisher of information as defined by the FCRA.

19. At various times in writing, Plaintiff contacted Defendant about and alleged consumer debt that appeared on her credit report.

20. The alleged consumer debt had been placed on Plaintiff's credit report by Defendant, and Defendant was therefore a furnisher of information for purposes of the FCRA.

21. 15 USC 1681 s-2 requires a furnisher to conduct a reasonable investigation of an account which appears on a consumer's credit report, upon written request of the consumer to do so.

22. The United States Court of Appeals for the Fourth Circuit held that the FCRA requires furnisher to conduct detailed examinations of the documents underlying customer transactions before responding to inquiries about a customer's debt, instead of relying on computer databases that provide convenient but potentially incomplete or inaccurate customer account information.  See *Johnson v. MBNA America Bank*, No. 03-1235 (February 11, 2004).

23. At various times in writing, Plaintiff requested that Defendant conduct an investigation about the alleged consumer debt that appeared on Plaintiff's credit report.

24. Defendant(s) failed and willfully refused to conduct an investigation of Plaintiff's account in violation of Defendant's duties pursuant of 15 USC 1681 s-2 et. seq.

25. After Defendant(s) failed and willfully refused to conduct and investigation of Plaintiff's account, Defendant(s), Plaintiff was left with no other recourse than to dispute the account with the relevant credit reporting agencie(s) (CRAs).

26. After Plaintiff disputed the account with the relevant credit reporting agencies(s), Defendant then verified the alleged account with the relevant credit reporting agencies, Defendant(s) despite having willfully refused to conduct an investigation of Plaintiff's account in violation of Defendant's duties pursuant of 15 USC 1681 s-2 et. seq.

27. Upon information and belief, it is averred that Defendant(s) have a standard practice policy which contradicts it's duties pursuant to 15 USC 1861 s-2.

## Private Cause of Action Under Fair Credit Reporting Act,
## 15 USC 1681 s-2

28. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

29. Plaintiff bring this action against Defendant(s) under 15 USC 1681 s-2(b), as distinguished from 15 USC 1681s-2(a).

30. There is no private cause of action under 15 USC 1681s-2(a).

31. But there is a private cause of action under 15 USC 1681s-2(b). See the following case law which distinguishes between the government right of action under 15 USC 1681s-2(a), and the private cause of action under 15 USC 1681s-2(b).

Marshall v. Swift River Academy, LLC, 2009 WL 1112768 (9th Cir. 2009).
A consumer has no private right of action under FCRA against furnisher merely because the furnisher failed to provide accurate information to consumer reporting agencies.

Beisel v. ABN Ambro Mortgage, Inc., No. 07-2219, 2007 WL2332494, *1 (E.D. Pa. Aug. 10, 2007).
In order to prevail on a FCRA claim Plaintiff "must prove [he] notified a credit reporting agency of the dispute, the credit reporting agency then notified the furnisher of information, and the furnisher of information failed to investigate or rectify the disputed charge.").

Catanzaro v. Experian Information Solutions, Inc., 671 F. Supp.2d 256, 260 (D. Mass. 2009).
Notification by a consumer reporting agency to the furnisher is a prerequisite for furnisher liability under FCRA.

Kaetz v. Chase Manhattan Bank, 2007 WL 1343700, *3 (M.D. Pa. 2006). The Court dismissed Plaintiff's Complaint, but only because Plaintiff failed to allege that he disputed the accuracy of the debt to a credit agency, or that the credit agency thereafter reported dispute to defendant.

32. Because Plaintiff first disputed the account with Defendant(s) , and then disputed the account with the credit reporting agency afterwards, and then Defendant(s) verified the derogatory information to the Credit Reporting Agency(ies) in a manner that was unacceptable under FCRA, Plaintiff does have a private cause of action against Defendant under these particular circumstances.

## COUNT THREE:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 f ET. SEQ.

33. The previous paragraphs of this complaint are incorporated by reference and made a part of this action.

34. At all relevant times in this Complaint, Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

35. At all relevant times in this Complaint, Defendant(s) was / were acting as a debt collector(s) as defined by the FDCPA, 15 USC 1692 et. seq.

36. At all times mentioned herein, Defendant(s) was / were attempting to collect on an alleged consumer debt against Plaintiff.

37. At all times mentioned in this Complaint, Defendant(s) has a duty to comply with all applicable laws governing collection procedures on Plaintiff's consumer account(s), pursuant to 15 USC 1692 f.

38. By breaching its duties under 15 USC 1681 s-2, Defendant(s) also breached its duties under 15 USC 1692 f, to refrain from any collection activity that is illegal or unconscionable.

39. Defendant(s) engaged in illegal and unconscionable collection in violation of 15 USC 1692 f et. seq. (FDCPA), when Defendant(s) violated 15 USC 1681 s-2 et. seq (FCRA).

## LIABILITY

40. The previous paragraphs of this complaint are incorporated by reference and made a part hereof .

41. At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to for the acts committed by its agents and / or employees under the doctrine of respondeat superior.

42. At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to Plaintiff for the acts committed by its agents and / or employees under the theory of joint and several liability because Defendant and its agents were engaged in a common business venture and were acting jointly and in concert.

## DAMAGES

17. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

18. Plaintiff demands $1.00 actual damages at least for phone, fax, lost time, etc.

19. Plaintiff demands $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

20. Plaintiff demands $1,000 statutory damages under the FCRA, 15 USC 1681 et. seq.

21. Plaintiff suffered some emotional distress, anger and frustration as a result of Plaintiff's rights being violated by Defendant.  The amount of such distress shall be determined at trial.

22. Plaintiff requests punitive damages in the Court's discredtion.

## ATTORNEY FEES

23. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

24. Attorney fees of $1,575f.00 at a rate of $350.00 per hour. Services include but not limited to the following.

| | | |
|---|---|---|
| a. | Consultation with client | 1 |
| b. | Research on Defendant | .5 |
| c. | Drafting, editing, review, filing and serving complaint | 1 |
| d. | Follow up with Defense | 2 |

4.5 x $350 per hour = $1,575

43. Plaintiff's attorney fees continue to accrue as the case move forward.

## OTHER RELIEF

44. Plaintiff also seeks an injunction against further unlawful collection activity.

45. Plaintiff seeks declaratory relief barring Defendants from further unlawful collection activity.

46. Plaintiff seeks such other relief as this honorable Court may deem just and proper.

47. Plaintiff specifically requests / demands a jury trial in this matter.

Wherefore, plaintiff demands judgment against defendant in the amount of $3,576.00 (actual damages, statutory damages, attorney fees).  Plaintiff also seeks declaratory and injunctive relief, and such other relief as this Honorable Court may deem appropriate.

Vicki Piontek, Esquire
PA Bar ID No. 83559
951 Allentown Road
Lansdale, PA  19446
877-737-8617
palaw@justice.com

10/6/2011
Date

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Stephen Lewis                                    :
19 Cherry Street                                 :
Willow Grove, PA 19090                           :
v.                                               :
                          Plaintiff              :
                                                 :
CACH, LLC                                        :
4340 South Monaco Street                         :
2nd Floor                                        :
Denver, CO  80237                                :
and                                              :
John Does 1-10                                   :
and                                              :     Jury Trial Demanded
XYZ Corporations                                 :
                          Defendant(s)           :

## VERIFICATION

I, Stephen Lewis, have read the attached complaint.  The facts stated therein are true and accurate to the best of
my knowledge, understanding and belief.

_____        9.6.11
Stephen Lewis                    Date

# EXHIBITS

**Stephen Lewis**
**19 Cherry Street**
**Willow Grove, PA 19090**
██████████

CACH, LLC / COLLECT AMERICA
4340 South Monaco Street
2nd Floor
Denver, CO  80237

> **Re:   Stephen Lewis  SSN:** ████████
> **Alleged Original Creditor:  Metris**
> **Account Number**
> **Alleged Balance $1,116**

To Whom it May Concern:

Your company has placed derogatory information on my credit report for the above referenced account.  The balance that your company claims against me is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract.

The amount stated on my credit report is excessive and inflated.  I request proof of the contract justifying such charges.  I also would like proof of the balance and a breakdown of all charges.

I have never been provided a copy of the contract which proves the interest rate, finance charges, late fees and other penalties.  I dispute such amounts and believe that the actual balance, if any, is much lower than the amount stated on my credit report.

I am requesting that you conduct an investigation about the excessive balance and the excessive charges such as interest and other fees.

THIS IS A DISPUTED ACCOUNT.    YOU MUST MARK THIS ACCOUNT AS DISPUTED ON MY CREDIT REPORT.

Sincerely,

Stephen Lewis                          5/3/11
Stephen Lewis                          Date

# CACH, LLC

May 25, 2011

**Stephen Lewis**
19 Cherry Street
Willow Grove, PA 19090

Re:                Written Dispute Letter dated: May 3, 2011

Dear Stephen Lewis,

We are in receipt of your written dispute referenced above. CACH, LLC is a purchaser of charged off receivables. CACH, LLC does not engage in any direct collection activity.  Accounts are placed for collection with third party law firms and collection agencies. Our investigation into your dispute reveals the following information.

| | |
|---|---|
| Debtor Name: | LEWIS, STEPHEN L |
| Debtor Address: | 19 Cherry St, Willow Grove, PA 19090 |
| Debtor Date of Birth: | |
| Debtor SS#: | XXX-XX- |
| Original Creditor: | METRIS |
| Original Account Number: | |
| Current Account Number: | |
| Account Charge off Date: | 01/04/2010 |
| Date Placed on our System: | 08/27/2010 |
| Placement Balance: | 1115.82 |
| Current Balance: | 1115.82 |
| Account Status: | OPEN |
| Reporting Status: | COLLECTIONS: SERIOUSLY PAST DUE ACCOUNT |
| Reported Dispute Status: | DISPUTE |
| Other comment: | |

Sincerely,

Customer Service

This letter is sent pursuant to the requirements of 16 C.F.R. 660.4(e)
This letter is not an attempt to collect a debt.



*4340 S. Monaco St.*
*Second Floor*
*Denver, CO 80237*

*Phone: (800) 478-5541*
*Fax : (303) 713-2505*

**Stephen Lewis**
**19 Cherry Street**
**Willow Grove, PA 19090**
███████████

Trans Union Corporation
P.O. Box 1000
Chester, PA 19022

    **Re:   Stephen Lewis  SSN:**████████████
    **Alleged Original Creditor: Metris**
    **CACH, LLC / COLLECT AMERICA**
    **Account Number** .
    **Alleged Balance $1,116**

To Whom it May Concern:

    Your company has placed derogatory information on my credit report for the above referenced account.   The balance claimed against me is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract.

    The amount stated on my credit report is excessive and inflated.  I request proof of the contract justifying such charges.  I also would like proof of the balance and a breakdown of all charges.

    I have never been provided a copy of the contract which proves the interest rate, finance charges, late fees and other penalties.  I dispute such amounts and believe that the actual balance, if any, is much lower than the amount stated on my credit report.

    I am requesting that you conduct an investigation about the excessive balance and the excessive charges such as interest and other fees.

            Sincerely,

            _Stephen Lewis_      _7.5.11_
            Stephen Lewis        Date

*** 241540177-003 ***
PO Box 2000
Chester, PA 19022



08/24/2011   Trans**Union**.



P1NE2A00201049-I004193-068461048

STEPHEN LAMONT LEWIS
19 CHERRY ST
WILLOW GROVE, PA 19090

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of any company we may have contacted for information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit http://transunion.com/consumerfaqs.

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|------|-------------|---------|
| CACH LLC | | NEW INFORMATION BELOW |

File Number:          241540177
Page:                 1 of 1
Date Issued:          08/26/2011          TransUnion.

## -Begin Credit Report-

Special Notes: If any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK | 30 | 60 | 90 | 120 |
|-----|---|----|----|----|----|----|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in brackets or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors.



**CACH LLC**
370 17TH STREET
SUITE 5000
DENVER, CO 80202
(303) 296-3345

Balance:              $1,115
Date Verified:        08/2011
Original Amount:      $1,115
Original Creditor:    METRIS
Past Due:             >$1,115‹

Pay Status:           ›COLLECTION ACCOUNT‹
Account Type:         OPEN ACCOUNT
Responsibility:       INDIVIDUAL ACCOUNT

Loan Type: COLLECTION AGENCY/ATTORNEY
Remarks: ACCT INFO DISPUTED BY CONSUMR
Date placed for collection: 08/2010
Estimated date that this item will be removed: 12/2016

## - End of investigation results -

To view a free copy of your full, updated credit file, go to our website http://disclosure.transunion.com

## -End of Credit Report-

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Stephen Lewis                                                   :
19 Cherry Street                                                :
Willow Grove, PA 19090                                          :
v.                                                              :
                                  Plaintiff                     :
CACH, LLC                                                       :
4340 South Monaco Street                                        :
2nd Floor                                                       :
Denver, CO  80237                                              :
and                                                             :
John Does 1-10                                                  :
and                                                             :
XYZ Corporations                                               :          Jury Trial Demanded
                                                               :
                                  Defendant(s)                  :

## VERIFICATION

I, Stephen Lewis, have read the attached complaint. The facts stated therein are true and accurate to the best of my knowledge, understanding and belief.

_____          9. 6. 11
Stephen Lewis                       Date



U.S. POSTAGE
PAID
LANSDALE PA
19446
OCT 19 '11
AMOUNT
$7.03
00028389-09

UNITED STATES
POSTAL SERVICE

1000          80237

RECEIVED

OCT 21 FIRST CLASS
Square Two Financial **PARCEL**

CERTIFIED MAIL

7010 2780 0003 1209 5113

Phintek Law Office
951 Allentown Road
Lansdale, PA 19446